UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
SHERI GOTTLIEB
on behalf of herself and
all other similarly situated consumers

                            Plaintiff,

        -against-


FINANCIAL RECOVERY SERVICES, INC.

                           Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Sheri Gottlieb seeks redress for the illegal practices of Financial Recovery Services, Inc., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Edina, Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Sheri Gottlieb*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about May 22, 2019, the Defendant sent the Plaintiff a collection letter seeking to collect on a personal debt.

11. Upon information and belief, the said letter was the Defendant's initial communication with the Plaintiff.

12. The Defendant sought to collect on a balance, purportedly owed to Barclays Bank Delaware with an original creditor stated as Bank of America.

13. Shortly after receiving the May 22, 2019 collection letter, the Plaintiff, on June 3, 2019 mailed a letter to the Defendant disputing the debt stating in part:

    "I received a collection letter from you dated May 22nd regarding a RCI/Bank of America credit card that was established in my name. this is a nonexistent debt. I purchased a time share and thereafter, the company, without my permission, opened this credit card in my name."

14. As stated above, the Plaintiff had purchased a timeshare with Resort Condominiums International ("RCI") at Wyndham Westwinds resort in South Carolina.

15. Upon information and belief, RCI used the Plaintiff's personal information to obtain a credit card in her name with Bank of America.

16. RCI had assured the Plaintiff that there would be no down-payment on the timeshare

  purchase, yet RCI used that credit card to charge the Plaintiff with such a charge.

17. The Plaintiff was totally unaware of any such a credit card application by RCI and was only made known of the existence of the Bank of America credit card when she received it in the mail.

18. Upon receiving the said credit card, the Plaintiff contacted Bank of America, informing them of the card's fraudulent creation and charges in her name.

19. The balance that Defendant was seeking to collect was non-existent; Defendant made Plaintiff believe that she in fact owed such an amount to Barclays Bank when it was not the case.[1]

20. The Defendant deceptively engaged in the collection of an invalid debt purportedly owed by the Plaintiff.

21. Section 1692e of the FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt."

22. Section 1692(f) of the FDCPA states:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

---

[1] Vangorden v. Second Round, L.P., 897 F.3d 433 (2d Cir. 2018). Consumer stated a claim under §§ 1692e(2), 1692e(10), and 1692f(1) when she alleged that a collection letter falsely stated that she owed a debt and then requested payment on the alleged debt. Rejecting an argument by the collector that § 1692g shielded it from liability, the Second Circuit held that "nothing in the text of the FDCPA suggests that a debtor's ability to state a § 1692e or § 1692f claim is dependent upon the debtor first disputing the validity of the debt in accordance with § 1692g." Finally, the court concluded that a letter misstating "the very existence" of a debt can mislead the least sophisticated consumer regardless of the intent of the collector.

23. The Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[2]

24. Upon information and belief, the Defendant was well aware of the fraud on RCI's part, yet it continued to collect on this fraudulent debt.

25. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

26. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

27. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

28. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

29. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

30. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

31. Defendant's communications were designed to cause the debtor to suffer a harmful

---

[2] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013). ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent.), See also Goldman v. Cohen, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006). (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A)."), Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt."))

-4-

disadvantage in charting a course of action in response to Defendant's collection efforts.

32. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

33. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

34. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

35. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty four (34) as if set forth fully in this cause of action.

36. This cause of action is brought on behalf of Plaintiff and the members of a class.

37. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about May 22, 2019; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Barclays Bank

Delaware; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

38. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

39. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

40. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

41. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

42. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

43. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

   A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);
   B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

      C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
August 23, 2019

        /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

        /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

**FINANCIAL RECOVERY SERVICES, INC.**
P.O. Box 385908
Minneapolis, MN 55438-5908
1-844-396-5417

DEPT 893
PO BOX 4115
CONCORD CA 94524

RETURN SERVICE REQUESTED

May 22, 2019

SHERI GOTTLIEB

CURRENT CREDITOR: BARCLAYS BANK DELAWARE
ORIGINAL CREDITOR: BANK OF AMERICA
REGARDING: BCI ELITE RWDS MC
ACCOUNT NUMBER: XXXXXXXXXXXX7636
DATE OF LAST PAYMENT: 12/22/17
CHARGE-OFF DATE: 03/29/18
AMOUNT DUE AS OF CHARGE-OFF: $15940.54
TOTAL BALANCE DUE: $15940.54
FRS FILE NUMBER: TZS657
ON-LINE PIN NUMBER: 45021772
(Used to access and view your file on WWW.FIN-REC.COM)

******INITIAL NOTIFICATION******

The account(s) listed above have been assigned to this agency for collection.

While your account is with our office, if you pay $15940.54, the above-referenced account will be considered paid in full. To make a payment, please call us at the toll-free number listed below or utilize our on-line web payment solution at www.fin-rec.com using the on-line PIN number and FRS file number referenced above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you are sending your payment by overnight delivery, please use the following address: 4510 W. 77th ST, Suite 200, Edina, MN 55435.

This communication is from a debt collection agency licensed by the Minnesota Department Of Commerce.

Sincerely,
ANDREW POULTERER
Account Manager
Toll Free: 1-844-396-5417

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

**See reverse side for important information.**

Office hours are: Monday-Thursday, 7am to 8pm CST; Friday 7am to 5pm CST; Saturday 7am to noon CST.

---

**Detach Coupon And Mail Payment**

| 1 OF 3 | 2 OF 3 | 3 OF 3 |
|---|---|---|
| FRS File #: TZS657 | FRS File #: TZS657 | FRS File #: TZS657 |
| 1-844-396-5417 | 1-844-396-5417 | 1-844-396-5417 |
| Balance due as of May 22, 2019: $15940.54 | Balance due as of May 22, 2019: $15940.54 | Balance due as of May 22, 2019: $15940.54 |
| Amount enclosed:_____ | Amount enclosed:_____ | Amount enclosed:_____ |
| Home phone:_____ | Home phone:_____ | Home phone:_____ |
| Work phone:_____ | Work phone:_____ | Work phone:_____ |
| Cell phone:_____ | Cell phone:_____ | Cell phone:_____ |
| Financial Recovery Services, Inc. P.O. Box 385908 Minneapolis, MN 55438-5908 | Financial Recovery Services, Inc. P.O. Box 385908 Minneapolis, MN 55438-5908 | Financial Recovery Services, Inc. P.O. Box 385908 Minneapolis, MN 55438-5908 |
| Letter Code Sent: 013 | Letter Code Sent: 013 | Letter Code Sent: 013 |

June 3, 2019

# ATTN: FRS

**Reference No.:  TZS657**

I received a collection letter from you dated May 22nd regarding a RCI/ Bank of America credit card that was established in my name.  This is a nonexistent debt. I purchased a time share and thereafter, the company, without my permission, opened this credit card in my name and I only found out when I received the card in the mail. I even informed Bank of America about this but to no avail.

I was also told by the time-share company, that I would not be charged a down payment, and yet, I was charged that.

This was certainly fraud on the time-share company's part.

I dispute the debt that you are trying to collect.

**Sheri Gottlieb**